IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

TY L. GOODEN,

    Plaintiff,

 -v-

SANTANDER CONSUMER USA, INC.
d/b/a CHRYSLER CAPITAL,

    Defendant.
_____/

SANTANDER CONSUMER USA, INC.
d/b/a CHRYSLER CAPITAL,

    Counter-Claimant,

 -v-

TY L. GOODEN,

    Counter-Defendant.
_____/

CIVIL ACTION NO.
2:24-cv-00775-EEF-JVM

Hon. Judge Eldon E. Fallon

Hon. Magistrate Judge Janis van Meerveld

**DEFENDANT CHRYSLER CAPITAL'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE ARBITRATION AWARD**

    **COMES NOW** Defendant/Counter-Claimant, Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"), and hereby submits its response in opposition to Plaintiff/Counter-Defendant Ty Gooden's ("Gooden") motion to vacate the March 12, 2025 arbitration award at issue in this matter ("Motion to Vacate"), stating as follows:

### I. INTRODUCTION

    The entirety of this case involves manufactured claims premised on an illogical debt-avoidance theory wherein Gooden allegedly sent "instruction" letters to Chrysler Capital, instructing Chrysler Capital's CFO that his agent (*himself*) "hereby accepts all Titles, All Rights,

60486071 v1

All Interest and Guaranteed Equity owed to" his principal (*also himself*), and instructed the CFO to "apply the principal's balance to the principal's account . . . for each and every billing cycle for set-off." Although Gooden contends that these letters constituted "a lawful negotiable instrument," which satisfied any debt obligation he owed to Chrysler Capital, this debt-avoidance theory has been uniformly rejected by courts as frivolous, and was likewise found to be frivolous and an abuse of the arbitration process by Arbitrator William B. Gavzy (the "Arbitrator") in this matter.

Nevertheless, Gooden has moved this Court to vacate the March 12, 2025 arbitration award ("Arbitration Award") entered in Chrysler Capital's favor by the Arbitrator. As demonstrated below, however, Gooden cannot satisfy any of the Federal Arbitration Act's ("FAA") narrow grounds for vacating an arbitration award.[1] Accordingly, Gooden's Motion to Vacate should be denied.

## II. PROCEDURAL BACKGROUND

1. On March 27, 2024, Gooden commenced this action against Chrysler Capital by filing a Complaint in this Court. (Doc. 1.)

---

[1] The FAA applies to Gooden's Motion rather than the Louisiana Binding Arbitration Law. For one, the arbitration provision at issue states that it "shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration." (*See* Ex. 1 to Ex. G at 5.) And "arbitration agreements, like other contracts, 'are enforced according to their terms.'" *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995) (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 54 (1995)). Even if that were not the case, the FAA applies where the parties' transaction involved "commerce." 9 U.S.C. § 2. The term "involving commerce" has been interpreted as the functional equivalent of the more familiar term "affecting commerce" and "encompasses a wider range of transactions that those actually 'in commerce'—that is, 'within the flow of interstate commerce.'" *Citizens Bank v. Alfabco, Inc.*, 539 U.S. 52, 56 (2003). There is no disputing that the applicable arbitration provision is in writing. (*See* Ex. 1 to Ex. G. at 3-5.) Likewise, it is clear that the arbitration provision involves interstate commerce given that it is contained within a contract for the sale of a motor vehicle, which is itself an instrument of interstate commerce. (*See id.*) Moreover, Gooden's Complaint makes clear that he is a resident of the State of Louisiana, and Chrysler Capital, an out of state entity, financed the purchase of the vehicle. (*See* Doc. 1.) Therefore, because the proceeds from the contract were used by Gooden to purchase the vehicle, and the contract was funded by a foreign entity, it is evident that the subject transaction affects interstate commerce. Additionally, it is also recognized that the FAA applies to transactions involving the sale of automobiles, like the transaction at issue here. *See White v. Am. Credit Acceptance LLC*, No. 3:23-CV-00985, 2023 WL 7221358, at *2 (W.D. La. Nov. 2, 2023).

2. On May 10, 2024, Chrysler Capital filed its Answer and Affirmative Defenses to Gooden's Complaint, also filing a Counterclaim against Gooden for breach of contract and possession pursuant to Louisiana Commercial Law Chapter 9. (Doc. 6.)

3. On May 30, 2024, Gooden filed a Motion to Compel Arbitration and Stay Proceedings, pursuant to the Arbitration Provision in the parties' Retail Installment Sales Contract. (Doc. 8.)

4. On June 5, 2024, Chrysler Capital filed a Consent Motion for Entry of Order Staying Case and Compelling Arbitration. (Doc. 10.)

5. Accordingly, on June 6, 2024, this Court entered an Order granting the parties' motions, compelling this matter to arbitration, and staying the case pending the outcome of arbitration. (Doc. 11.)

6. On or about July 26, 2024, Gooden submitted a Demand for Arbitration against Chrysler Capital with the American Arbitration Association ("AAA"), asserting claims against Chrysler Capital related to a Retail Installment Sales Contract ("Contract") he entered into for the purchase of a 2023 Dodge Challenger (the "Vehicle"). A true and correct copy of Gooden's Demand for Arbitration is attached hereto as **Exhibit A**.

7. On November 4, 2024, Chrysler Capital submitted a counterclaim for breach of contract for the outstanding balance owed on Gooden's account as well as for possession of the Vehicle under Louisiana Commercial Law Chapter 9. A true and correct copy of Chrysler Capital's Answer, Affirmative Defenses and Counterclaim is attached hereto as **Exhibit B**.

8. On November 12, 2024, the Arbitrator was appointed and on the same date the AAA provided the parties with the Arbitrator's General Arbitrator Oath Form (the "Arbitrator's Disclosure"), wherein the Arbitrator provided sworn disclosures indicating, among other things,

that he had no connections whatsoever to the parties in any way. A true and correct copy of the Arbitrator's Disclosure is attached hereto as **Exhibit C**.

9. On December 24, 2024, the Arbitrator entered a Report of Preliminary Management Hearing and Scheduling Order ("Scheduling Order") which scheduled a final arbitration hearing to be held in-person on March 18, 2025 at 9:00 A.M. Central Time. A true and correct copy of the Scheduling Order is attached hereto as **Exhibit D**.

10. Furthermore, the Scheduling Order provided that, pursuant to AAA Consumer Arbitration Rule R-33, the following:

> The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues of the case. Dispositive motions should be filed before the scheduled hearing. The arbitrator may determine that a dispositive motion will be heard at the hearing.
>
> A submission schedule will be established if a Party is granted leave to file a dispositive motion.
>
> The arbitrator's ruling will be issued promptly after filing the final brief.

(*See* Ex. D at 1-3.)

11. As such, and pursuant to the Scheduling Order and Rule R-33, Chrysler Capital submitted a Request for Leave to File a Dispositive Motion on February 5, 2025. A true and correct copy of the Request for Leave to File Dispositive Motion is attached hereto as **Exhibit E**.

12. On February 7, 2025, the Arbitrator granted Chrysler Capital's Request for Leave to File Dispositive Motion and provided a submission schedule for the same, with a ruling on any dispositive motion filed by Chrysler Capital to occur on or before March 13, 2025. A true and correct copy of the Arbitrator's approval for Chrysler Capital to file a dispositive motion is attached hereto as **Exhibit F**.

13. As such, on February 11, 2025, Chrysler Capital submitted a Motion for Summary Judgment, requesting that the Arbitrator enter an Award granting summary judgment in favor of Chrysler Capital on all of Gooden's claims, dismissing said claims against Chrysler Capital with prejudice, awarding Chrysler Capital the damages it suffered as a result of Gooden's breach of contract, and ordering possession of the Vehicle to Chrysler Capital. A true and correct copy of Chrysler Capital's Motion for Summary Judgment is attached hereto as **Exhibit G**.

14. On February 12, 2025, after the Arbitrator granted Chrysler Capital's Request for Leave to File Dispositive Motion and after Chrysler Capital submitted their Motion for Summary Judgment, Gooden submitted an opposition to Chrysler Capital's Request for Leave to File Dispositive Motion. A true and correct copy of Gooden's opposition to Chrysler Capital's Request for Leave to File Dispositive Motion is attached hereto as **Exhibit H**.

15. On February 20, 2025, Gooden submitted his opposition to Chrysler Capital's Motion for Summary Judgment. A true and correct copy of Gooden's opposition to Chrysler Capital's Motion for Summary Judgment is attached hereto as **Exhibit I**.

16. On February 21, 2025, Chrysler Capital submitted a Reply in Support of its Motion for Summary Judgment. A true and correct copy of Chrysler Capital's Reply in Support of its Motion for Summary Judgment is attached hereto as **Exhibit J**.

17. On February 25, 2025, Gooden then improperly submitted a sur-reply in connection with Chrysler Capital's Motion for Summary Judgment. A true and correct copy of Gooden's sur-reply is attached hereto as **Exhibit K**.

18. On March 12, 2025, the Arbitrator issued his Award in favor of Chrysler Capital. A true and correct copy of the Arbitration Award is attached hereto as **Exhibit L**. In his Arbitration

Award, the Arbitrator found in favor of Chrysler Capital on all claims and counterclaims asserted, stating in pertinent part:

> The Claimant either believes that through certain words or actions, they can acquire a 2023 Dodge Challenger without cost, financed by the Respondent, or they have attempted to mislead the Respondent in an effort to obtain the vehicle without payment. It is unnecessary to determine whether this was ignorance or fraudulence on the part of the Claimant. The scheduled evidentiary hearing has not yet occurred but there is no factual dispute that the Claimant has made frivolous claims to avoid repaying the amount he rightfully owes Respondent and has also abused the arbitration process. There are no facts supporting any of the claims of Claimant. To continue the evidentiary hearing would be a further abuse of arbitration by Claimant and would unjustly increase the harm to Respondent. Therefore, summary judgment is hereby granted to Respondent.
>
> All the claims of Claimant are hereby dismissed with prejudice.
>
> Claimant shall reimburse Respondent the current amount of $54,771.52 due and owing to Respondent.
>
> Ownership and possession of the vehicle is hereby awarded to Respondent who may sell the vehicle and apply any proceeds to Claimant's deficiency balance.

(Ex. L.)

19.     On March 14, 2025, Gooden filed a Motion to Vacate the Arbitration Award. (Doc. 16.) As grounds for his Motion to Vacate, Gooden argues (1) that the Arbitrator refused to hear material evidence; (2) that the Arbitrator exceeded his authority by granting summary judgment; and (3) that the Arbitrator demonstrated evident partiality and bias. (Doc. 12.)

## III.  ARGUMENT

### A. Gooden Cannot Establish Any of the Limited Circumstances for Vacating an Arbitration Award.

The Supreme Court has stated that courts may vacate an arbitrator's decision "'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options*, 514 U.S. at 942). Consistent with this mandate, the Fifth Circuit Circuit has likewise held that "[i]n light of the strong federal policy favoring arbitration, judicial review of an

arbitration award is extraordinarily narrow." *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (internal quotation marks omitted). Likewise, "review of an arbitral award made under the FAA is 'exceedingly deferential.'" *Bain v. Whitney Bank*, 919 F. Supp. 2d 735, 739 (E.D. La. 2013) (quoting *Apache Bohai Corp. v. LDC v. Texaco China BV,* 480 F.3d 397, 401 (5th Cir. 2007). Indeed, "[t]he federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990). Notably, "[a]lthough the FAA authorizes the court to confirm, vacate, or modify arbitration awards, courts have no authority to review of an arbitrator's decision on the merits." *Kingman Holdings, LLC, v. Blackboard Ins. Co.*, No. 23-4525 c/w 24-875, 2024 WL 4765479, at *4 (E.D. La. Nov. 13, 2024) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 409, 509 (2001)). Moreover, "the grounds for vacatur of an arbitration award are restricted to those set forth in § 10 of the Federal Arbitration Act." *Rent-A-Center, Inc. v. Barker*, 633 F. Supp. 2d 245, 249 (W.D. La. 2009) (citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 575 (2008)).

Specifically, section 10 of the FAA permits federal courts to vacate an arbitration award in just the following four limited circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a).

The Fifth Circuit has "expressly held that the § 10(a) bases are the exclusive bases, rejecting manifest disregard as an independent, nonstatutory basis for vacating an arbitration award." *Kingsman Holdings*, 2024 WL 4765479, at *4 (quoting *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009)). "The party moving to vacate an arbitration award has the burden of proof" and "[t]he court must resolve any doubts or uncertainties in favor of upholding the award." *Rent-A-Center*, 633 F. Supp. 2d at 248. For the reasons demonstrated below, Gooden cannot satisfy his heavy burden to show that one of the recognized grounds for vacating an arbitration award exists here. Accordingly, Gooden's Motion to Vacate should be denied.

        **1. There is No Support for Gooden's Argument that the Arbitrator Failed to Consider and/or Apply the Evidence.**

First, Gooden argues that the Arbitrator ignored the evidence he presented and ruled without allowing a proper evidentiary hearing. (Doc. 12 at 3.) However, Gooden offers no actual evidence in support of these claims. Rather, Gooden attempts to prove the substantive merits of his legal claims and work backwards to the conclusion that (in ruling against him) the Arbitrator must have refused to consider and/or apply his evidence. (*See id.*) Setting aside the fact (as demonstrated in Chrysler Capital's Motion for Summary Judgment, Ex. G) that Gooden is wrong about the merits of his claims, this sort of allegation-by-assumption hardly satisfies Gooden's heavy burden of showing Arbitrator misconduct.

Specifically, there is absolutely no evidence that the Arbitrator failed to consider any of the evidence presented by Gooden. To the contrary, Gooden was provided ample opportunity to present evidence in support of his claims. Specifically, the Arbitrator outlined a briefing schedule for Chrysler Capital's Motion for Summary Judgment (*See* Ex. F). Afterwards, Gooden presented his arguments and evidence in support of his claims in his: (1) response in opposition to Chrysler Capital's motion for leave to file dispositive motion (*See* Ex. H); (2) response in opposition to

Chrysler Capital's Motion for Summary Judgment (*See* Ex. I); and (3) his improperly filed sur-reply to Chrysler Capital's Motion for Summary Judgment (*See* Ex. K.) Accordingly, after a review of the evidence presented by both parties, the Arbitrator rightfully concluded that Gooden's claims were "frivolous" and an "abuse of arbitration." (*See* Ex. L.) As such, simply stating in a conclusory fashion—without any evidence whatsoever—that the Arbitrator "ignored" the evidence presented by Gooden is insufficient to meet his burden to vacate the Arbitration Award.

Next, as to Gooden's claim that the Arbitrator somehow ignored evidence by failing to allow a "proper evidentiary hearing," an evidentiary hearing is not required by the AAA's Consumer Arbitration Rules, as outlined more fully below. Specifically, Rule R-33 states, "[t]he arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case." *See Am. Arbitration Assn. Consumer Arbitration Rules*, www.adr.org, Rule R-33. Furthermore, the Scheduling Order entered by the Arbitrator echoed the language of Rule R-33, permitting either party to file a dispositive motion prior to the evidentiary hearing. (*See* D at 1-2.) Here, Chrysler Capital properly requested leave to file a dispositive motion, outlining the frivolity of Gooden's claims and their substantial likelihood of success on a future dispositive motion. (*See* Ex. E.) Afterwards, the Arbitration permitted Chrysler Capital to file a Motion for Summary Judgment (*See* Ex. F.) As such, the Arbitrator was within his rights in permitting Chrysler Capital to file a dispositive motion and Gooden's arguments otherwise are directly contradicted by the AAA's Consumer Arbitration Rules as well as the Arbitrator's Scheduling Order.

Accordingly, Gooden's conclusory arguments that the Arbitrator failed to consider and/or apply the evidence fails to support vacating the Arbitration Award.

### 2. The Arbitrator Did Not Exceed His Authority in Granting Summary Judgment in Favor of Chrysler Capital.

Next, Gooden argues that the Arbitrator exceeded his authority in granting summary judgment on behalf of Chrysler Capital. (Doc. 12 at 3.) Notably, "an arbitrator has not exceeded his powers unless he has utterly contorted the evident purpose and intent of the parties – the 'essence' of the contract.'" *Cooper v. WestEnd Capital Management, L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016) (quoting *Tomegate Studios, Inc., v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013)). Significantly, "[t]he party challenging an arbitrator's award under § 10(a)(4), 'bears a heavy burden.'" *Id.* Here, Gooden cannot meet this "heavy burden" as his contentions once again plainly ignore the clear language of the AAA Consumer Arbitration Rules which permit the Arbitrator to hear and decide dispositive motions prior to any arbitration hearing.

First, Gooden contends that "AAA Rule R-24 prohibits arbitrators from ruling on dispositive motions without proper procedures, yet this was ignored." (*Id.*) However, Plaintiff seems to confuse the applicable rule, Rule R-33, with Rule R-24. Notably, the rule referenced by Gooden, Rule R-24, requires that an arbitrator first conduct a conference call to attempt to resolve issues prior to a party's request to file a written motion (***except for dispositive motions***). *See Am. Arbitration Assn. Consumer Arbitration Rules*, www.adr.org, Rule R-24. In fact, Rule R-24 is explicitly titled as follows: "R-24. Written Motions (except for Dispositive Motions—see R-33). *See id.*

Here, the motion filed by Chrysler Capital, a Motion for Summary Judgment, was a dispositive motion. As such, Rule R-24's procedures did not apply and instead Rule R-33 is the governing rule. Furthermore, as explained above, Rule R-33 states as follows: "[t]he arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in

the case." *See Am. Arbitration Assn. Consumer Arbitration Rules*, www.adr.org, Rule R-33. Pursuant to the foregoing rule, Chrysler Capital then filed a Request for Leave to File Dispositive Motion (*See* Ex. E), which was then granted by the Arbitrator. (*See* Ex. F.) As such, Gooden's reliance upon R-24 is misplaced and the Arbitrator acted well within his authority in granting Chrysler Capital's Motion for Summary Judgment.

Moreover, Gooden's blanket assertion that "the arbitration agreement and AAA rules required a full evidentiary hearing" is meritless. (Doc. 12 at 3.) Nowhere within either the arbitration agreement nor the AAA Consumer Arbitration Rules does there contain any language whatsoever indicating that a full evidentiary hearing is required prior to the entry of an arbitration award. (*See* Ex. 1 to Ex. G at 5); *see also generally Am. Arbitration Assn. Consumer Arbitration Rules*, www.adr.org. To the contrary, the AAA's rules, as shown above, expressly provide that a party may file a dispositive motion prior to any arbitration hearing. *See Am. Arbitration Assn. Consumer Arbitration Rules*, www.adr.org, Rule R-33.

Accordingly, Gooden has not presented any evidence whatsoever which meets his "heavy burden" to establish that the Arbitrator exceeded his authority under 9 U.S.C. § 10(a)(4) and this Court should deny Gooden's Motion to Vacate.

### 3. Gooden Has Presented No Evidence that the Arbitrator Was Partial or Biased Towards Chrysler Capital.

Finally, Gooden argues that the Arbitrator demonstrated evident partiality and bias. (Doc. 12 at 3.) In support of this argument, Gooden simply offers conclusory allegations that the Arbitration Award was "one-sided" and "contained clear bias" because the Arbitrator did not accept Gooden's claims and instead ruled in favor of Chrysler Capital. (*Id.*) However, such conclusory allegations of bias—based simply upon Gooden's interpretation of the law—are insufficient for purposes of 9 U.S.C. § 10(a)(2).

Specifically, the Fifth Circuit has explained that in order to vacate an arbitration award under § 10(a)(2), "an arbitrator's nondisclosure must involve a 'reasonable impression of bias' stemming from 'a significant compromising connection to the parties.'" *OOGC America, L.L.C. v. Chesapeake Exploration, L.L.C.*, 975 F.3d 449, 453 (5th Cir. 2020) (quoting *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 283 (5th Cir. 2007)). Furthermore, "[t]his 'stern standard' requires 'a concrete, not speculative impression of bias' and calls for 'upholding arbitral awards unless bias was clearly evident in the decision makers.'" *Id.* (quoting *Positive Software*, 476 F.3d at 281, 286). Finally, "'for the arbitration award to be vacated,' the party challenging the award 'must produce specific facts from which a reasonable person would *have* to conclude that the arbitrator was partial to' its opponent." *Id.* (quoting *Cooper*, 832 F.3d at 545).

Here, outside of conclusory allegations stemming from Gooden's displeasure with the outcome of arbitration, he has provided absolutely no evidence whatsoever to show that the Arbitrator had any bias towards Chrysler Capital. To the contrary, the Arbitrator's Disclosure shows that he has had zero connection to Chrysler Capital in any way prior to serving as Arbitrator in this matter. (*See generally* Ex. C.) Accordingly, because Gooden has failed to present any evidence which meets the high standard for vacatur under § 10(a)(2), and the Arbitrator's Disclosure shows no connection with Chrysler Capital whatsoever, let alone a "significant compromising connection," Gooden's Motion to Vacate must be denied.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Chrysler Capital respectfully requests that this Court enter an order denying Gooden's Motion to Vacate the Arbitration Award and granting such further relief as the Court deems just and proper.

Respectfully submitted this the 25th day of March, 2025.

*/s/ Christopher D. Meyer*
Christopher D. Meyer (LA Bar #35917)
Attorney for Defendant
SANTANDER CONSUMER USA INC. D/B/A
CHRYSLER CAPITAL

**OF COUNSEL:**
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Telephone:  601-355-3434
Facsimile:   601-355-5150
cmeyer@burr.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 25th day of March, 2025, upon:

Ty L. Gooden
7555 Berg St.
New Orleans, LA 70128
Telephone: (504) 377-2500
Email: flwxlf@yahoo.com
*Pro se Plaintiff*

                                       */s/ Christopher D. Meyer*
                                       OF COUNSEL