UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TY GOODEN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 24-775** |
| | * | |
| **SANTANDER CONSUMER USA, INC.** | * | **SECTION L(4)** |
| **d/b/a CHRYSLER CAPITAL** | * | |

## ORDER & REASONS

Before the Court are two motions. The first is a Motion to Vacate Arbitration Award filed by Plaintiff Ty L. Gooden. R. Doc. 12. Defendant Santander Consumer USA, Inc. d/b/a Chrysler Capital ("Chrysler Capital") opposes the motion. R. Doc. 13. The second is a Motion to Confirm Arbitration Award filed by Chrysler Capital. R. Doc. 15. Mr. Gooden opposes the motion. R. Docs. 16, 17, 18, and 19. After considering the record, briefing, and applicable law, the Court now rules as follows.

### I.   BACKGROUND

This case involves an alleged breach of a monthly installment contract used to secure a new car. R. Doc. 1. On November 3, 2023, Mr. Gooden purchased a 2023 Dodge Challenger from Premier Chrysler Jeep Dodge Ram located in New Orleans, Louisiana. R. Doc. 6 at 2. Mr. Gooden financed the purchase of the vehicle through the dealership's in-house financing group—Chrysler Capital. R. Doc. 1-1. The terms of the installment contract between the parties provided that Mr. Gooden was to make seventy-two payments of $942.62 for the vehicle over a six-year period. *Id*. Chrysler Capital claims that Mr. Gooden has since failed to make any payments on the contract. R. Doc. 6 at 3.

On March 27, 2024, Mr. Gooden commenced the present action against Chrysler Capital. R. Doc. 1. In his complaint, Mr. Gooden alleges that he sent "instructions" to Chrysler Capital's

1

CFO to apply unspecified amounts owed to him to his loan balance. *Id.* at 4. He contends that these instruction letters are negotiable instruments, which discharge him of his contractual duties to Capital Chrysler. R. Doc. 12 at 2. Accordingly, he requests that this Court issue an order declaring that the debt has been discharged; that he be paid in the amount of $111,000; and that the Court assess costs of the litigation to Chrysler Capital. R. Doc. 1 at 4.

On May 30, 2024, Mr. Gooden filed an unopposed motion to compel arbitration and stay these proceedings pursuant to the arbitration provision contained in the parties' installment contract, which this Court granted. R. Docs. 8, 11. Thereafter, Mr. Gooden made a formal arbitration demand with the American Arbitration Association (the "AAA") concerning the dispute with Chrysler Capital. R. Doc. 13-4. Chrysler Capital subsequently submitted a counterclaim for breach of contract for the outstanding balance on Mr. Gooden's account as well as for possession of the vehicle at issue pursuant to Louisiana Commercial Law Chapter 9. R. Doc. 15-1 at 2. An arbitrator was then appointed to oversee the matter, and a final arbitration hearing was set for March 18, 2025. *Id.* at 2-3. Before the hearing took place, however, the arbitrator allowed Chrysler Capital to file a summary judgment motion seeking dismissal of Mr. Gooden's claims and provided a briefing schedule that would allow for a ruling on the motion on or before March 13, 2025. R. Docs. 13-5, 13-6, 13-7.

After reviewing both parties' arguments on the briefs, the arbitrator issued an award in favor of Chrysler Capital. R. Doc. 13-12. In support of the decision, the arbitrator found that:

> The Claimant either believes that through certain words or actions, they can acquire a 2023 Dodge Challenger without cost, financed by the Respondent, or they have attempted to mislead the Respondent in an effort to obtain the vehicle without payment. It is unnecessary to determine whether this was ignorance or fraudulence on the part of the Claimant. The scheduled evidentiary hearing has not yet occurred but there is no factual dispute that the Claimant has made frivolous claims to avoid repaying the amount

2

> he rightfully owes Respondent and has also abused the arbitration process. There are no facts supporting any of the claims of Claimant. To continue the evidentiary hearing would be a further abuse of arbitration by Claimant and would unjustly increase the harm to Respondent. Therefore, summary judgment is hereby granted to Respondent.

*Id.* at 2. As such, the arbitrator dismissed Mr. Gooden's claims with prejudice, ordered that he reimburse Chrysler Capital in the amount of $54,771.52 due under the installment contract, and awarded ownership and possession of the vehicle to Chrysler Capital "who may sell the vehicle and apply any proceeds to Claimant's deficiency balance." *Id.*

## II.   PRESENT MOTION

In the present motions, the parties have taken diametrically-opposed viewpoints with respect to the viability and efficacy of the arbitrator's award in this matter. It is Mr. Gooden's position that vacatur of the arbitral award against him is necessary because the arbitrator refused to allow Mr. Gooden to present material evidence at a final evidentiary hearing and instead acted with partiality by exceeding his authority and granting summary judgment without an opportunity for live testimony.[1] R. Docs. 12, 14, 19. On the other hand, Chrysler Capital contends that federal courts may vacate an arbitration award in only limited circumstances that do not apply here and otherwise disputes Mr. Gooden's claim that the arbitrator ignored his evidence, noting he filed three separate documents in support of his summary judgment opposition. R. Doc. 13. As such, Chrysler Capital asks this Court to confirm the arbitration award rendered in this matter. R. Doc. 15.

---

[1] Additionally, Mr. Gooden has filed two supplemental notices informing the Court that the vehicle at issue had been damaged in a car wreck and is in the process of being repaired, which he claims may have some unspecified bearing on this Court's decision. R. Docs. 16, 17, 18. However, the Court agrees with Chrysler Capital that this factual development is immaterial to the question presented and thus does not consider it in the vacatur analysis here.

### III. APPLICABLE LAW

The Federal Arbitration Act (the "FAA") is a federal statute that authorizes courts to enter decrees confirming, vacating, or modifying arbitral awards. *See* 9 U.S.C. §§ 9-11; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 581-82 (2008). In light of the strong federal policy favoring arbitration, however, judicial review of such awards is "extraordinarily narrow" and "exceedingly deferential." *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (internal quotation marks omitted); *Bain v. Whitney Bank*, 919 F. Supp. 2d 735, 739 (E.D. La. 2013) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). Indeed, "federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990). Notably, "[a]lthough the FAA authorizes the court to confirm, vacate, or modify arbitration awards, courts have no authority to review of an arbitrator's decision on the merits." *Kingman Holdings, LLC, v. Blackboard Ins. Co.*, No. 23-4525 c/w 24-875, 2024 WL 4765479, at *4 (E.D. La. Nov. 13, 2024) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 409, 509 (2001)).

With respect to vacatur of an arbitrator's award, the United States Supreme Court has held this type of relief is available to parties "'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Specifically, section 10(a) of the FAA permits federal courts to vacate an arbitration award in just the following four limited scenarios:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

4

>  (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>  (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a)(1)-(4); *see also Rent-A-Center, Inc. v. Barker*, 633 F. Supp. 2d 245, 249 (W.D. La. 2009). The Fifth Circuit has "expressly held that the § 10(a) bases are the exclusive bases, rejecting manifest disregard as an independent, nonstatutory basis for vacating an arbitration award." *Kingsman Holdings*, 2024 WL 4765479, at *4 (quoting *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009)). "The party moving to vacate an arbitration award has the burden of proof," and "[t]he court must resolve any doubts or uncertainties in favor of upholding the award." *Rent-A-Center*, 633 F. Supp. 2d at 248.

## IV. ANALYSIS

The issue to be resolved by the Court in the instant case is whether the arbitration award dismissing Mr. Gooden's claims should be vacated for any of the reasons provided for under section 10(a) of the FAA. Here, Mr. Gooden claims that vacatur is warranted on three separate grounds: (1) the arbitrator's refusal to hear material evidence and hold a final evidentiary hearing; (2) the arbitrator exceeding his authority by granting summary judgment; and (3) the arbitrator's partiality and bias against Mr. Gooden. The Court takes each in turn.

### a. Whether the Arbitrator Refused to Hear Material Evidence.

First, Mr. Gooden contends that the arbitrator intentionally ignored the evidence that he presented during the arbitration. R. Doc. 12 at 3. Such action, if proven, invokes the scenario contemplated under section 10(a)(3) of the FAA, which provides for vacatur of an arbitral award

where an arbitrator "refus[es] to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3).

Mr. Gooden, however, has crucially failed to provide the Court with any evidence to support the allegation that the arbitrator did not consider the materials that Mr. Gooden provided during the arbitration. To the contrary, it appears to the Court that the arbitrator afforded Mr. Gooden ample opportunity to present evidence in support of his claims. Specifically, the arbitrator outlined a briefing schedule for Chrysler Capital's motion for summary judgment, and Mr. Gooden presented his arguments and evidence in support of his claims in various filings, such as his opposition and surreply to the motion. R. Docs. 13-6, 13-8, 13-9, 13-10. Moreover, the arbitrator explicitly confirmed in his final award that he reviewed Mr. Gooden's responses to Chrysler Capital's summary judgment motion before concluding that dismissal of Mr. Gooden's claims was warranted. R. Doc. 13-12 at 2 ("[H]aving duly heard the Motion for Summary Judgment of Respondent, and the response of Claimant, [I] hereby AWARD as follows . . . ."). The Court will not presume that the arbitrator intentionally misrepresented what documentation he reviewed in reaching his final disposition as Mr. Gooden wishes without further proof. Accordingly, the Court finds that simply stating in a conclusory fashion that the arbitrator "ignored" evidence is insufficient to meet Mr. Gooden's burden as movant to vacate the arbitral award on this basis.

### b. Whether the Arbitrator Exceeded His Authority in Granting Summary Judgment Without an Evidentiary Hearing.

Next, Mr. Gooden argues that the arbitrator exceeded his authority in granting summary judgment on behalf of Chrysler Capital without a final evidentiary hearing. R. Doc. 12 at 3. This argument invokes the scenario contemplated under section 10(a)(4) of the FAA, which provides for vacatur of an arbitral award where an arbitrator "exceeds their powers, or so imperfectly

6

executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

As explained above, Mr. Gooden made his arbitration demand against Chrysler Capital with the AAA, which has promulgated governing regulations called the "Consumer Arbitration Rules" that serve to define the scope of the arbitrator's powers in this case. R. Doc. 13-1; *see Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (finding that "[t]he power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed"). Importantly, Rule R-33 of the Consumer Arbitration Rules grants an AAA arbitrator the power to allow the filing of a dispositive motion after a determination that "the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case." AM. ARBITRATION ASSN. CONSUMER ARBITRATION RULES, www.adr.org, Rule R-33. With this in mind, the Court finds that, contrary to Mr. Gooden's assertion, the arbitrator was well within his rights to permit the filing of Chrysler Capital's summary judgment motion after they properly moved for such relief. R. Doc. 13-5. Indeed, such matters are routine and function to prevent the abuse of arbitration procedure.

To the extent Mr. Gooden claims that the arbitrator was required to hold a final evidentiary hearing before ruling on the summary judgment motion, this argument also fails. It appears that Mr. Gooden has based this contention off of Rule R-24 of the AAA's Consumer Arbitration Rules, which provides that an arbitrator "first conduct a conference call to attempt to resolve issues prior to a party's request to file a written motion." AM. ARBITRATION ASSN. CONSUMER ARBITRATION RULES, www.adr.org, Rule R-24. But crucially, the plain language of Rule R-24 provides that this "conference call requirement" does not apply to dispositive motions filed during the arbitration. *See id.* To be sure, the title of Rule R-24 itself clarifies as such: "R-24. Written Motions (except

7

for Dispositive Motions—see R-33)." *Id.* Here, Chrysler Capital filed a motion for summary judgment, which is considered a dispositive motion. R. Doc. 13-5. Therefore, Rule R-24's procedures did not apply and instead Rule R-33 is the governing rule, which as explained above allows for the filing of dispositive motions and makes no mention of the parties having a right to an evidentiary hearing before a ruling. Accordingly, the Court finds that Mr. Gooden cannot prove that the arbitrator exceeded his powers as defined in the AAA's Consumer Arbitration Rules and thus will not vacate the arbitration award for this reason.

### c. Whether the Arbitrator's Decision Evidences Bias Against Mr. Gooden.

Lastly, Mr. Gooden argues that the arbitrator improperly demonstrated evident partiality and bias against him. R. Doc. 12 at 3. This argument invokes the scenario contemplated under section 10(a)(2) of the FAA, which provides for vacatur of an arbitral award where "there was evident partiality or corruption in the arbitrator[]." 9 U.S.C. § 10(a)(2).

In support of this argument, Mr. Gooden merely states that the arbitration award was "one-sided" and "contained clear bias." R. Doc. 12 at 3. Such conclusory allegations of bias based simply upon Mr. Gooden's interpretation of the law, however, are insufficient for purposes of section 10(a)(2). Indeed, the Fifth Circuit has explained that in order to vacate an arbitration award under section 10(a)(2), "an arbitrator's nondisclosure must involve a 'reasonable impression of bias' stemming from 'a significant compromising connection to the parties.'" *OOGC Am., L.L.C. v. Chesapeake Expl., L.L.C.*, 975 F.3d 449, 453 (5th Cir. 2020) (quoting *Positive Software Sol., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 283 (5th Cir. 2007)). Furthermore, "[t]his 'stern standard' requires 'a concrete, not speculative impression of bias' and calls for 'upholding arbitral awards unless bias was clearly evident in the decision makers.'" *Id.* (quoting *Positive Software*, 476 F.3d at 281, 286). Finally, "'for the arbitration award to be vacated,' the party challenging the

award 'must produce specific facts from which a reasonable person would have to conclude that the arbitrator was partial to' its opponent." *Id.* (quoting *Cooper v. WestEnd Cap. Mgmt., LLC*, 832 F.3d 534, 545 (5th Cir. 2016)).

Here, outside of conclusory allegations stemming from his displeasure with the outcome of arbitration, Mr. Gooden has failed to provide the Court with any evidence showing that the arbitrator had any bias toward Chrysler Capital. In fact, the arbitrator's disclosure confirms that he had zero connection to Chrysler Capital prior to serving as arbitrator in this matter. R. Doc. 13-3. Accordingly, because Mr. Gooden has failed to present any evidence proving a "significant compromising connection" between the arbitrator and Chrysler Capital bringing about bias or partiality in this matter, the Court will not vacate the arbitration award. *See OOGC Am.*, 975 F.3d at 453.

### V. CONCLUSION

Based on the foregoing reasons;

**IT IS HEREBY ORDERED** that Plaintiff Ty Gooden's Motion to Vacate Arbitration Award, R. Doc. 12, is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant Chrysler Capital's Motion to Confirm Arbitration Award, R. Doc. 15, is **GRANTED**. As set forth in the arbitration award, Mr. Gooden's claims are dismissed; Mr. Gooden must reimburse Chrysler Capital in the amount of $54,771.52; Mr. Gooden must return the vehicle to Chrysler Capital; and the attorneys' fees and costs associated with the arbitration are assessed to Mr. Gooden.

New Orleans, Louisiana, this 3rd day of July, 2025.

_____
United States District Judge

cc: Mr. Ty L. Gooden
7555 Berg St.
New Orleans, Louisiana 70128